# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| HAZEL WILLIAMS § | |
| § | Civil Action No. 4:18-CV-219 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| ALLEN M. LAMBRIGHT, SUBSTITUTE § | |
| TRUSTEE, ET AL. | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 24, 2018, the report of the Magistrate Judge (Dkt. #18) was entered containing proposed findings of fact and recommendations that Plaintiff Hazel Williams's "Notice of Plaintiffs' [sic] Motion in Opposition to Removal and Demand for Remand" ("Motion to Remand") (Dkt. #9) be denied. Having received the report of the Magistrate Judge, having considered Plaintiff's objections (Dkt. #20), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## RELEVANT BACKGROUND

Plaintiff filed the instant suit on March 5, 2018, in the 429th Judicial District Court of Collin County, Texas (Dkt. #1-1). Plaintiff's complaint asserts that Defendants Allen M. Lambright, the United States Department of Agriculture ("USDA"), the United States of America, Mortgage Electronic Registration System ("MERS"), MERSCORP, Inc., and John/Jane Does one to infinity clouded Plaintiff's title by seeking to conduct a foreclosure sale of the real property located at 906 Fulbourne Drive, Anna, Texas, 75409 (the "Property") (Dkts. #1 at 2; #3 at p. 19). The United States holds a deed of trust lien and a vendor's lien on the Property. Relevant herein,

the USDA made a loan to Plaintiff thereby allowing her to purchase the Property (Dkt. #1). Foreclosure of the Property was scheduled for March 6, 2018. Plaintiff filed for bankruptcy; the March 6 sale was cancelled as a result.[1]

On March 30, 2018, the United States removed Plaintiff's case to the Eastern District of Texas, Sherman Division, alleging jurisdiction pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444 (Dkt. #1). On April 25, 2018, Plaintiff moved to remand, arguing that the Court "lacks original jurisdiction to hear a quiet title action that originated inside a state wherein the land and property in question are firmly seated on dry soil and not on water or admiralty" (Dkt. #9 at p. 4). A Response in Opposition to Plaintiff's Motion to Remand was filed on July 20, 2018 (Dkt. #15). On August 17, 2018, Plaintiff filed an "Affidavit in Further Opposition to 'Federal Defendants' Rule 12(b)(6) Motion to Dismiss Action and Demand for Remand" further challenging the case's removal (Dkt. #17). On August 24, 2018, the Magistrate Judge recommended that Plaintiff's Motion to Remand be denied (Dkt. #18). On September 14, 2018, Plaintiff filed her "Affidavit in Opposition [and] Rejection to 'Order [and] Recommendation of U.S. Magistrate Judge Christine A. Nowak as an Act Done Ultra Vires in Violation of 28 U.S. Code § 636(c)(1), [and] Other Settled Law Cited Herein" (Dkt. #20).

**OBJECTIONS TO REPORT AND RECOMMENDATION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

---

[1] On April 25, 2018, the bankruptcy court lifted the automatic stay for two years so as to authorize the United States to foreclose its lien on the Property, and subsequently dismissed Plaintiff's Chapter 7 case (Dkt. #16-2).

The report recommends that Plaintiff's Motion to Remand be denied because Plaintiff's suit was appropriately removed under § 1442, the federal officer removal statute, and also under § 1444 (Dkt. #16 at pp. 6, 8). Plaintiff makes two objections to this recommendation: (1) that the report violates 28 U.S.C. § 636(c)(1) because the Parties did not consent to proceed before the Magistrate Judge (Dkt. #20 at pp. 2–3); and (2) that the Magistrate Judge failed to strictly construe the removal statute and resolve all doubts in favor of remand (Dkt. #20 at p. 5).

*Referral to Magistrate Judge*

Plaintiff argues that "[i]t will constitute an irreparable denial of due process for this court to entertain or grant any of the improvident and unconstitutional relief being sought by the US defendants through the unlawful 'adoption' of the recommendation of the Magistrate Judge who clearly lacked authority to act in the first place" (Dkt. #20 at p. 5). Plaintiff's argument is misplaced. "[A full Article III] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [certain dispositive motions]" and "may also designate a magistrate judge to ... submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any [of those excepted] motion[s]." 28 U.S.C. § 636(b)(1)(A)–(B). "Additionally, the Eastern District of Texas's Local Rules also provide district judges wide latitude in referring matters and motions for a magistrate judge's review." *Robinson v. Texas*, 4:18-CV-66, 2018 WL 4057192, at *2 (E.D. Tex. Aug. 27, 2018) (Mazzant, J.) (citing E.D. Tex. Local Civil Rule 72(d)). "Upon referral, a magistrate judge may recommend disposition of a motion to remand to the district judge; the district judge then conducts a de novo review of those portions of the recommendation to which parties raise specific, timely objection." *Id.* (citing 28 U.S.C. § 636(b)(1)(C)). The Fifth Circuit has repeatedly recognized the statutory authority to designate a magistrate judge to consider a motion to remand. *Davidson v.*

*Georgia-Pac., L.L.C.*, 819 F.3d 758, 764 (5th Cir. 2016) ("motions to remand [are] dispositive matters on which magistrate judges may enter recommendations"). On April 2, 2018, the undersigned referred this case to the Magistrate Judge for pretrial proceedings (Dkt. #2-1). On August 24, 2018, the Magistrate Judge recommended that Plaintiff's Motion to Remand be denied (Dkt. #18). The Magistrate Judge acted within the bounds of statutory authority in making such recommendation. *See Robinson*, 2018 WL 4057192, at *2. Plaintiff's objection is overruled.

*Removal*

Broadly construing her objections, Plaintiff next argues that the report failed to strictly construe the removal statute and further failed to resolve all doubts in favor of remand (Dkt. #20 at p. 5). As Plaintiff contends, removal jurisdiction under § 1441 is strictly and narrowly construed and "any 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Carnes v. Friede & Goldman, L.L.C.*, 103 F. Supp. 3d 821, 823 (E.D. Tex. 2015) (quoting *Vantage Drilling Co. v. Hsin–Chi Su,* 741 F.3d 535, 537 (5th Cir. 2014)). However, removal of this matter was made under §§ 1442 and 1444, not § 1441. As the report noted, "[f]ederal officer removal under 28 U.S.C. § 1442 is unlike other removal doctrines: it is not narrow or limited." *Legendre v. Huntington Ingalls, Inc.*, 885 F.3d 398 (5th Cir. 2018) (citing *State v. Kleinert*, 855 F.3d 305, 311 (5th Cir. 2017)); *see also Savoie v. Huntington Ingalls, Inc.*, 2016 AMC 1204, 1209, 817 F.3d 457, 462 (5th Cir. 2016) (the Fifth Circuit reviews the district court's remand order "without a thumb on the remand side of the scale."); *Humphries v. Elliott Co.*, 760 F.3d 414, 416–17 (5th Cir. 2014) ("The Supreme Court has stated that § 1442(a)(1) is to be construed broadly and 'should not be frustrated by a narrow, grudging interpretation.'") (quoting *Willingham v. Morgan,* 395 U.S. 402, 407 (1969)). Plaintiff's objection is overruled.

In addition, the Court finds that the Magistrate Judge appropriately applied §§ 1442 and 1444 to the circumstances present in this case. Section 1442 allows removal to federal court of "an action 'against or directed to. . . any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office.'" *Legendre*, 885 F.3d at 400 (quoting 28 U.S.C. § 1442(a)(1)). In this case, Plaintiff sued the United States, and USDA, as a federal agency, and Allen Lambright, as a federal officer, and therefore, this action was appropriately removed under § 1442. *See Starlight Bldg. Ltd v. Bazemore*, 4:10-CV-259, 2016 WL 915189, at *6 (E.D. Tex. Mar. 4, 2016), *appeal dismissed* (Aug. 23, 2016), *vacated sub nom. Starlight Bldg., Ltd. v. Bazemore*, 4:10-CV-259, 2017 WL 6403110 (E.D. Tex. Sept. 28, 2017). Further, under § 1444, actions where the United States is sued under state law to quiet title may be removed to federal court. *Harbor Am. Cent., Inc. v. Centerpoint Employee Mgmt., LLC*, CIV.A. H-14-1439, 2014 WL 3566792, at *2–3 (S.D. Tex. July 18, 2014) (quoting 28 U.S.C. § 2410(a)); *see also Labry v. I.R.S.*, 940 F. Supp. 148, 149 (E.D. La. 1996). Here, Plaintiff has clearly raised a claim for quiet title against the United States, alleging that the aforementioned Defendants clouded her title to the Property; therefore, removal is proper under § 1444. *See Barcroft v. O'Neill*, 3:01CV58, 2002 WL 1058101, at *2 (E.D. Tex. Feb. 11, 2002). Accordingly, Plaintiff's Motion to Remand should be denied; the instant case is properly before the Court.

## CONCLUSION

Having considered Plaintiff's objections (Dkt. #20), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #18) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff Hazel Williams's "Notice of Plaintiffs' [sic] Motion in Opposition to Removal and Demand for Remand" (Dkt. #9) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 20th day of November, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE