# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

HAZEL WILLIAMS §
§ Civil Action No. 4:18-CV-219
v. § (Judge Mazzant/Judge Nowak)
§
ALLEN M. LAMBRIGHT, SUBSTITUTE §
TRUSTEE, ET AL. §

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On February 12, 2019, the report of the Magistrate Judge (Dkt. #32) was entered containing proposed findings of fact and recommendations that Plaintiff Hazel Williams's case be dismissed without prejudice under Federal Rule of Civil Procedure 41. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #36), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## RELEVANT BACKGROUND

Plaintiff filed the instant suit on March 5, 2018, in the 429th Judicial District Court of Collin County, Texas (Dkt. #1-1). Plaintiff's complaint asserts that Defendants Allen M. Lambright, the United States Department of Agriculture ("USDA"), the United States of America, Mortgage Electronic Registration System ("MERS"), MERSCORP, Inc., and John/Jane Does one to infinity clouded Plaintiff's title by seeking to conduct a foreclosure sale of the real property located at 906 Fulbourne Drive, Anna, Texas, 75409 (the "Property") (Dkts. #1 at p. 2; #3 at p. 19). The United States holds a deed of trust lien and a vendor's lien on the Property; the USDA made a loan to Plaintiff thereby allowing her to purchase the Property (Dkt. #1). Foreclosure of the

Property was scheduled for March 6, 2018; however, after Plaintiff filed for bankruptcy; the March 6 sale was cancelled.

On March 30, 2018, the United States removed Plaintiff's case to the Eastern District of Texas, Sherman Division, alleging jurisdiction pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444 (Dkt. #1). On April 25, 2018, Plaintiff moved to remand (Dkt. #9). On August 24, 2018, the Magistrate Judge recommended that Plaintiff's Motion to Remand be denied (Dkt. #18), and on November 21, 2018, the undersigned adopted the Report's recommendation (Dkt. #21).

On that same date, November 21, 2018, the Court denied Defendants' previously filed Motion to Dismiss as moot, finding Plaintiff should be given an opportunity to amend her complaint, and directing Plaintiff to amend her complaint (Dkt. #23). Instead of filing an amended complaint as directed, Plaintiff filed a Notice, advising the Court of her intention to file a Rule 60 Motion asking the Court to reconsider its decision regarding remand of the instant case (Dkt. #25). On January 28, 2019, after Plaintiff failed to file either a Rule 60 Motion or Amended Complaint, the Court again ordered Plaintiff to amend her complaint, this time by February 11, 2019, cautioning Plaintiff that "[n]o further extensions of this deadline shall be granted," and "should Plaintiff fail to comply with this order, her complaint may be recommended for dismissal under Federal Rule of Civil Procedure 41" (Dkt. #28). In total, Plaintiff was given over 100 days to file an amended complaint. She failed to do so. Therefore, on February 19, 2019, still having received no amended complaint from Plaintiff, the Magistrate Judge entered a Report and Recommendation, recommending that Plaintiff's case be dismissed under Rule 41 (Dkt. #43). On March 4, 2019, Plaintiff filed "Plaintiff's Affidavit in Opposition & Rejection of Report and Recommendation of United States Magistrate Judge Christine A. Nowak, Signed on 2/12/2019' [sic] as Intentional Acts of Malice, Contumacy & Done Ultra Vires in Violation of 28 U.S. Code

§ 636(C)(1), & Other Settled Law Cited Herein, the Plaintiff has Never Consented that her Original Complaint is Properly Before this Court and Continues to Demand Remand to Local Court" (Dkt. #36), which the Court construes as Plaintiff's Objections to the recommendation for dismissal.

**OBJECTIONS TO REPORT AND RECOMMENDATION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

Plaintiff's Objections continue to steadfastly assert that Plaintiff does not consent to being in federal court and she demands remand to her local court. With respect to the instant recommendation for dismissal, Plaintiff raises a single objection; specifically, Plaintiff objects that "[i]t will constitute an irreparable denial of due process for this court to entertain or grant any of the improvident and unconstitutional relief being sought by the US defendants through the unlawful 'adoption' of the recommendation of the Magistrate Judge who clearly lacked authority to act in the first place" (Dkt. #36 at p. 5). Plaintiff previously raised an identical objection to the Magistrate Judge's recommendation that Plaintiff's Motion to Remand be denied (Dkt. #20 at p. 5).

The Court finds, as it previously found in overruling Plaintiff's objection to the recommendation to deny remand, that Plaintiff's argument is misplaced. "[A full Article III] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [certain dispositive motions]" and "may also designate a magistrate judge to ... submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any [of those excepted] motion[s]." 28 U.S.C. § 636(b)(1)(A)–(B).

"Additionally, the Eastern District of Texas's Local Rules also provide district judges wide latitude in referring matters and motions for a magistrate judge's review." *Robinson v. Texas*, 4:18-CV-66, 2018 WL 4057192, at *2 (E.D. Tex. Aug. 27, 2018) (Mazzant, J.) (citing E.D. Tex. Local Civil Rule 72(d)). "Upon referral, a magistrate judge may recommend disposition of a motion to remand to the district judge; the district judge then conducts a de novo review of those portions of the recommendation to which parties raise specific, timely objection." *Id.* (citing 28 U.S.C. § 636(b)(1)(C)). The Fifth Circuit has repeatedly recognized the statutory authority to designate a magistrate judge to consider a motion to remand. *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 764 (5th Cir. 2016) ("motions to remand [are] dispositive matters on which magistrate judges may enter recommendations"). Furthermore, magistrate judges have the authority to recommend dismissal of claims based on failure to prosecute and/or comply with court orders pursuant to Rule 41. *See Hutchinson v. Box*, 4:10CV240, 2011 WL 4591936, at *1 (E.D. Tex. Sept. 30, 2011) ("The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Don D. Bush, who issued a Report and Recommendation concluding that this action should be dismissed for failure to obey an order and failure to prosecute pursuant to Fed. R. Civ. P. 41(b)."); *Gharbi v. Flagstar*, A-10-CV-382-LY, 2012 WL 13029373, at *1 (W.D. Tex. May 16, 2012) ("In light of Plaintiffs' failure to do so, the Magistrate Judge filed his Report and Recommendation on April 11, 2012, recommending that this court dismiss this action, without prejudice, for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. To date, Plaintiffs have failed to file an amended complaint in compliance with the Magistrate Judge's order.").

On April 2, 2018, the undersigned referred this case to the Magistrate Judge for pretrial proceedings (Dkt. #2-1). On August 24, 2018, the Magistrate Judge recommended that Plaintiff's Motion to Remand be denied (Dkt. #18), and on February 12, 2019, the Magistrate Judge

recommended that Plaintiff's case be dismissed for failure to follow the Court's orders, specifically, for her failure to file an amended complaint. The Magistrate Judge acted within the bounds of statutory authority in making such recommendation. *See Robinson*, 2018 WL 4057192, at *2; *Gharbi*, 2012 WL 13029373, at *1. Plaintiff's objection is overruled.

Moreover, Plaintiff to date, Plaintiff has failed to file an amended complaint. Although she has filed several documents after being ordered to amend her pleading, none of these filings constitute an amended complaint or reflect any attempt to comply with the Court's multiple orders to file an amended complaint. By such failure, Plaintiff has both neglected to comply with the Court's orders and to diligently prosecute her case, and thus dismissal of her case under Rule 41 is appropriate as recommended.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #36), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #32) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff Hazel Williams's case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.
**SIGNED this 20th day of March, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE